46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Avram MEYERS, Plaintiff-Appellant,
v.
ROADWAY EXPRESS, INCORPORATED, an Ohio corporation,
Defendant-Appellee.
 No. 93-16242.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 16, 1994.
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Avram Meyers appeals a judgment awarding him minimal damages. That judgment was based on an order granting partial summary judgment to Roadway Express, Inc., a common carrier, on the question of the amount of damages that Meyers may recover under the terms of a bill of lading. After the court granted partial summary judgment for Roadway on the damages question, Roadway agreed not to litigate the remaining issue concerning its liability for the damage. Accordingly, the district court entered judgment for Meyers for $786.52. That sum represented the property damage claim limited to $120, plus reimbursement for shipping charges of $566.52. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 3
 This case arises from damages sustained by a church dome shipped from Vermont to California. Meyers sued Roadway to recover the cost of repairing the damage to the dome.
 
 
 4
 Meyers purchased component parts of a church dome in August 1991 from Great American Salvage Company. Meyers paid $29,630 for the parts, which was their salvage value. Meyers arranged through Great American to have the dome shipped from Vermont, where he purchased it, to California. Linda Tillotson of Great American was primarily responsible for making the shipping arrangements with Roadway. However, Meyers states that on one occasion he talked directly with Roadway by telephone. Meyers states that he asked the Roadway representative about insurance on the shipment and was told it would be insured for the actual purchase price. Meyers states the representative then asked him for the purchase price, which he gave as $29,630. Believing that the items were insured for the full purchase price and that they would not be transshipped, Meyers stated that he approved the shipping arrangements.
 
 
 5
 Tillotson filled in, by hand, a bill of lading form given to her by Roadway. This form was picked up by Roadway when it picked up the crates containing the dome. On Tillotson's handwritten copy of the bill of lading, under the initials of the Roadway representative, was the phrase "USED GOODS SOLD VALUE AS SALVAGE ONLY." Tillotson states she did not write this phrase on her handwritten copy of the form.
 
 
 6
 Roadway later telephoned Tillotson because she had not filled in all of the classification numbers. Over the telephone, Tillotson gave Roadway a physical description of the items for which she had not provided item and class numbers. A typewritten copy of the bill of lading was prepared by Roadway and signed by Tillotson. The typed form again included the handwritten notation "Used Goods Sold as is Value as Salvage Only" beneath the signature of the Roadway representative. Tillotson states she did not write this notation.
 
 
 7
 According to Meyers, when the crated items arrived in California they were seriously damaged. Meyers states that he spent $15,000 to repair the damage to the dome. He then filed a claim against Roadway. Roadway denied the claim, stating that the damage was the result of inadequate packing for cross-country shipping. Further, Roadway claimed that even if it were liable, its liability was limited to shipping charges, $566.52, and the release rate of ten cents per pound for the items damaged. The damaged items weighed 1,200 pounds, therefore Roadway's release rate liability was $120.
 
 
 8
 The district court based its partial summary judgment, limiting Roadway's liability to $120, on the court's finding that, inter alia, the notation on the bill of lading was not adequate as a declared value.
 
 
 9
 Meyers appeals the district court's ruling in favor of Roadway, which limited its liability for damages to $120.
 
 
 10
 Meyers argues that the district court erred when it found that the handwritten notation, "Used Goods Sold as is Value as Salvage Only" beneath the signature of the Roadway representative, was not a declared value.
 
 
 11
 The parties agree that the four-part test in Hughes Aircraft Co. v. North American Van Lines, 970 F.2d 609 (9th Cir. 1992), controls the disposition of this matter. It appears that both the handwritten and typed versions of the bill of lading have an ambiguous insertion that could reasonably be interpreted to mean that the "used goods" being shipped should be "valued as salvage only." Both parties agree that neither Meyers nor his agent wrote this language. Meyers declared that he told Roadway the purchase price ($29,630).
 
 
 12
 At this summary judgment stage, looking at the evidence in the light most favorable to the nonmoving party, one could reasonably infer that (1) Meyers told Roadway the purchase price and (2) Roadway indicated on the bill of lading that the shipment would be "valued" at that price.
 
 
 13
 We find that the insertion on the bill of lading creates an ambiguity on its face as to liability. Because of this contractual ambiguity, the four-part Hughes test, most notably Meyers' "consent," cannot be determined on summary judgment.
 
 
 14
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3